PEDRO JUAN SMITH, (a) JUAN PEDRO SMITH, Plaintiff and Appellant, v. JUAN NEGRÓN CAYOL, Defendant and Appellee.

No. 7525. Argued November 23, 1938.—Decided March 7, 1939.

*Eduardo Flores Colón* for appellant. *Juan Lastra* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Juan Pedro Smith, *alias* Juan Pedro Arroyo, in the District Court of San Juan sought to annul a mortgage deed on

the ground of usury. The circumstances under which the supposed illegal contract was made were alleged to be the following:

"THIRD: That needing funds with which to meet certain obligations *he agreed with defendant Juan Negrón Cayol upon a loan of two thousand five hundred dollars,* for the term of one year that might be extended for one more year, secured by a first mortgage upon the property described, apparently, at 9% annually but that any excess over said interest would be capitalized.

"FOURTH: That to that effect and pursuant to what had been agreed upon and before notary public Gonzalo Ardín, of San Juan, the said mortgage deed was executed on September 1, 1933, which deed evidenced the existence *of an obligation for two thousand six hundred and eighty dollars,* with interest thereon at 9% annually, and other requisites which gave to the instrument the appearance of veracity and reality, although it appears from such deed that the interest greatly exceeds 9%." (Underscoring ours.)

In addition to the above, Smith alleged that in February 1935, the mortgage was increased to $3,000 for another year's term.

Defendant averred in his answer that the mortgage loan had actually amounted to the $2,680 recited in the deed, and that by a mutual and involuntary error the monthly interest had been set forth in the contract as being $22.10 when in reality it should have been only $20.10. Under such alleged mistake of fact defendant admitted having collected the extra $2 over a period of several months, but expressly alleged that the difference collected had been returned to the plaintiff with the written approval of the latter at the time the mortgage loan was increased and extended.

The trial judge found that the evidence for the plaintiff, which consisted solely of Smith's own testimony, was too uncertain and insufficient to support a judgment in his favor, especially in view of the testimony offered by the defendant and the notary who authenticated the mortgage deed in question. Consequently the complaint was dismissed with costs

including attorney's fees amounting to $75, against the plaintiff.

Appellant assigns three errors. The first of them reads as follows:

"1. The court erred in applying section 1654 of the Civil Code (1930 ed.), disregarding the provisions of sections 4 and 5 of Act No. 47 of 1916 to repress usury."

Section 1654 of the Civil Code, *supra*, provides:

"Any person who repays or returns any money, goods or other things taken, accepted or received in violation of this chapter, or by a written instrument delivered to the other party of the contract before the commencement of a proceeding to enjoin the enforcement of the contract, or before the defense of usury is interposed by the borrower in an action on the contract, effectually relinquishes the right to any interest or discount or value reserved in violation of this chapter, shall be relieved from further forfeiture, penalty or punishment, and the contract from the date of the repayment, return or written relinquishment shall be valid and effectual."

The "chapter" referred to in the section copied is that relating to the "Fixing of Legal Rate of Interest" (Chapter III, Title X of Book Fourth of the Civil Code, 1930 ed., p. 343).

Appellant maintains that this section cannot avail the defendant because it was in effect repealed by sections 4 and 5 of Act No. 47 of 1916 (Session Laws, p. 100) entitled "An Act to repress usury and to amend section 4 of 'An Act to fix a legal rate of interest on all obligations' approved March 1, 1902, and amended by an Act of March 14, 1907."

These two sections read:

"Section 4.—That the rights herein defined shall not be waived.
"Section 5.—That all laws or parts of laws in conflict herewith are hereby repealed."

Section 1654 of the Civil Code, *supra*, corresponds to section 6 of the Act of March 1, 1902, which is amended by Act No. 47, *supra*. Act No. 47 expressly amends section 4 of the Act of March 1, 1902, but fails to make any reference

to the other sections of the same Act. Thus no disposition was shown by the legislature to change the rest of the statute relating to the fixing of legal rate of interest. The privilege, or "locus penitentiae" as it might be called, which is conceded to the usurer by section 1654 of the Code is independent of any of the rights defined by the Act of 1916, and is not in conflict with the non-waiver provisions of that Act. The meaning of section 4 of the usury statute is that a debtor cannot legally bind himself not to raise the defense of usury, and in that sense is analogous to our Homestead Act of today.

Forfeitures are not favored by the law and it was very probably with that in mind that the legislative assembly in 1902 gave the creditor a period of grace within which to conform to the law. No other reasonable interpretation appears to us. The first assignment therefore cannot prevail.

The next error of which appellant complains relates to the trial court's analysis of the evidence. Appellant states that the trial judge found as a fact that defendant received $22.10 over a period of several months, but excused such action on the ground that the mortgage deed itself mistakenly recited the monthly interest to be at the higher amount. From the statement of the case which is before us, it seems that the trial judge fell into an error because the copy of the deed recites the interest to be $20.10 per month.

The evidence presented at the trial consisted mainly of the testimony of the parties and of the notary who drew up the deed. We see no reason to enter into a discussion of why the court should or should not have believed the plaintiff's account of the whole transaction. An appellate court ordinarily shall not substitute itself for the trial judge who had the opportunity to observe, hear and analyze the testimony of the parties, and to determine for himself their credibility. The appellant stresses the fact that the judge below attacked plaintiff's testimony for lack of precision. It may be that this lack of precision had something to do with the weight or credibility given to such testimony, but we can-

not definitely say that this was the only reason which the judge had for disbelieving the witness.

The trial judge believed the defendant and the notary. It may be that their story has some details which could give rise to inferences in plaintiff's favor. Plaintiff relies to a great extent on the supposed weakness of defendant's case and thus overlooks the fact that the burden of proof lies on him. Assuming, for the sake of argument, that defendant's evidence should be discarded, still the plaintiff would not be entitled to a judgment as the trial judge did not believe his testimony.

The last assignment of error has to do with the award of attorney's fees. We do not feel inclined to intervene with the trial judge's discretion on this matter.

The judgment of the lower court should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case. Mr. Justice Hutchison dissented.